IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE CORTÉS-MORALES,<br>    **Petitioner,**<br><br>            **v.**<br><br>UNITED STATES OF AMERICA,<br><br>    **Respondent.** | **Civil No.** 17-2237 (FAB)<br>related to<br>**Criminal No.** 05-424 (FAB) |

**OPINION AND ORDER**

**BESOSA, District Judge.**

Before the Court is Petitioner Jorge Cortés-Morales ("Cortés-Morales")' *pro-se* motion to vacate, set aside, or correct his sentence in Criminal Case No. 15-462, pursuant to 28 U.S.C. section 2255, with Supplement ("section 2255"),(Civil Docket Nos. 1 & 1-1); Petitioner's Supplemental Brief in Support of his Motion to Vacate,[1] (Civil Docket No. 13); the Government's Response, (Civil Docket No. 14); Petitioner's Reply to the Government's Response (Civil Docket No. 19); and Petitioner's Second Supplemental Brief in Support of his Motion to Vacate (Civil Docket No. 21). For the reasons set forth below, the Court **DENIES** petitioner's request,

---

[1] In his original filing, Cortés-Morales raised a claim based on <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), and the Court appointed counsel Jose C. Romo-Matienzo to act as counsel for petitioner for his <u>Johnson II</u> claim, (Civil Docket entry dated 10/11/2017).

Civil No. 17-2237(FAB)                                                    2

and dismisses petitioner's motion to vacate his sentence as well as all his subsequent filings, with prejudice.

**I.   BACKGROUND**

On December 7, 2005, Cortés-Morales was charged in a three count Indictment with possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. sections 841(a)(1) & (b)(1)(C), (count one); possessing, carrying and using firearms during and in relation to a drug trafficking offense, in violation of 18 U.S.C. section 924(c)(1), (count two); and being a convicted felon in possession of a firearm/armed career criminal in violation of 18 U.S.C. section 922(g)(1)/924(e),(count three).  (Criminal Docket No. 1).

On February 20, 2006, Cortés-Morales pled guilty to count three of the indictment.  (Crim. Docket Nos. 18 and 20). Subsequently, the Court sentenced Cortés-Morales to a term of imprisonment of two hundred ten months.  (Crim. Docket No. 31).

A month after entering judgment, the Court set a hearing pursuant to Federal Rule of Criminal Procedure 35 ("Rule 35"). (Crim. Docket No. 34.)  Rule 35 sets forth the procedure to correct a reduce a sentence pursuant to certain circumstances, such as an arithmetical error or if the defendant rendered "substantial assistance" to the United States.  Fed. R. Crim. Pro. 35.  In a post-judgment memorandum, Cortés-Morales requested an amended

sentence for assisting the United States "in investigating or prosecuting another person." Crim. Docket No. 38; see Fed. R. Crim. Pro. 35(b).[2] The United States disagreed. Id. Cortés-Morales retorted, asserting that "the government is not acting in good faith." Id. at p. 5.

On February 2, 2007, Cortés-Morales filed a *pro-se* motion to reduce his sentence (Crim. Docket No. 43.)[3] He purportedly provided information to the United States in a succession of interviews, and helped resolve criminal cases. Id. Also, the Assistant United States Attorneys allegedly took advantage of him. Id. Cortés-Morales requested that the Court take note of all the information he provided, and reduce his sentence pursuant to Rule 35 (Crim. Docket No. 43).

On February 6, 2007, Cortés-Morales filed his first Motion to Vacate Sentence pursuant to 28 U.S.C. section 2255. Crim. Docket No. 45; Civil Case No. 07-1107(JAF).

On February 20, 2007, the Government filed its Opposition to the Motion Requesting Reduction of sentence. (Crim. Docket No. 46.) In its motion, the United States contends that the information provided by Cortés-Morales was sparse and insufficient to advance

---

[2] Cortés-Morales' criminal docket reflects a series of sealed documents related to Rule 35. Out of an abundance of caution, and in order to maintain the documents sealed, the Court will not refer to their contents.

[3] The motion was filed in the Spanish language and not under seal.

Civil No. 17-2237(FAB)                                                    4

any investigation. (Crim. Docket No. 46.) It requested the denial of a Rule 35 reduction of sentence. Id.

On February 22, 2007, the Court issued an Order denying Cortés-Morales' Motion for reduction of sentence. (Crim. Docket No. 47).

On March 28, 2008, the Court entered judgment as to Cortés-Morales' original 2255 Petition. (Civil Case No. 07-1107(JAF)). The Court granted the 2255 motion in part, "for the limited purpose of amending the judgment to impose a concurrent sentence." Id., Docket No. 10 at p. 8. The petition was denied on all other grounds. (Crim. Docket No. 53).

On April 3, 2008, in alignment with the Court's judgment in Civil Case No. 07-1107(JAF), the Court entered an amended judgment in Criminal Case No. 05-424(FAB), for the sole purpose of clarifying that Cortés-Morales' term of imprisonment was to run concurrently with his Puerto Rico sentence. (Crim. Docket No. 54.)[4]

On May 15, 2008, Cortés-Morales appealed his sentence in Civil Case No. 07-1107(JAF), (Civil Docket No. 12.) On May 15, 2008, he filed a Motion for Certificate of Appealability. (Case No. 07-1107, Docket No. 14.)

---

[4] Cortés-Morales' original sentence of imprisonment of two hundred ten months for violating Count Three of the Indictment remained the same. (Crim. Docket No. 54.)

On June 17, 2008, the Court issued its Opinion & Order concerning the requested Certificate of Appealability. In it the Court stated: "Plaintiff argues that his conviction is barred by the Double Jeopardy Clause because Puerto Rico is not a separate sovereign from the United States . . . Because reasonable jurists could debate the status of Puerto Rico with respect to the Double Jeopardy Clause, we are required to grant Petitioner's request for a certificate of appealability."[5]  (Case No. 07-1107, Docket No. 17.)

On December 23, 2009, the First Circuit Court of Appeals entered its judgment stating: "Since the federal weapon offense to which appellant pled guilty contains elements not present in any of the Commonwealth offenses of which he was convicted, double jeopardy does not apply to his case. United States v. Marino, 277 F.3d 11, 39 (1st Cir. 2005).  Therefore, the district court judgment denying the request for habeas relief is affirmed." Judgment, Cortés-Morales v. United States, No. 08-1741 (1st Cir. Dec. 23, 2009).

On June 23, 2016, six years after final judgment in his original 2255 petition had been entered, Cortés-Morales requested

---

[5] As to Cortés-Morales' second argument, that his guilty plea was not knowing, intelligent and voluntary, the Court ruled that it was knowing, intelligent, and voluntary and, upon a review of the record, the Court found that any reasonable jurist would agree with the Court's March 27, 2008 Opinion & Order, (Case No. 07-1107, Docket No. 17.)

Civil No. 17-2237(FAB)                                                  6

leave to file a successive 2255 petition for relief with the First Circuit Court of Appeals See COA No. 16-1822, application filed 6/23/2016).  Cortés-Morales sought to litigate his Johnson II and double jeopardy claims.  See Commonwealth of Puerto Rico v. Sánchez-Valle, 136 S. Ct. 1863 (2016).

The Government filed its response to Cortés-Morales' request for leave, and conceded that his Johnson II sentencing claim was not a second or successive petition that required authorization pursuant to section 2255(h), but that the double jeopardy constituted a second successive Section 2255 petition which should not be permitted, (See: COA 16-1822, response filed 12/21/2016).

On February 14, 2017, the First Circuit Court of Appeals issued its judgment and stated: "Since petitioner's sentence was amended after he filed his first habeas petition, his challenge to his sentence, as the government concedes, is not successive. See: Magwood v. Patterson, 561 U.S. 320(2010).  Therefore, we deny as unnecessary petitioner's application to file a second or successive Section 2255 petition and direct the Clerk to transfer the petition to the district court to be considered as his first challenge to his new sentence.  We leave to the district court the question whether petitioner may also challenge his conviction as part of that challenge and express no opinion on the issue." (Criminal Docket No. 67).

Civil No. 17-2237(FAB)                                                  7

With authorization from the First Circuit Court of Appeals, Cortés-Morales commenced this action. He sets forth two arguments in support of the second section 2255 motion. First, Cortés-Morales argues that the underlying criminal action violates the Double Jeopardy Clause because the Puerto Rico conviction is for the same offense. Case No. 17-2237, Docket No. 1; see Sánchez-Valle, 136 S. Ct. 1863. Second, he purports that Puerto Rico conviction for aggravated assault is longer classified as a violent crime pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). Id.

The Court does not have before it a typical section 2255 claiming ineffective assistance of counsel. Before the Court are two claims, a double jeopardy claim pursuant to Sánchez-Valle, and a Johnson claim.

**II. DISCUSSION**

   **A. Cortés-Morales' Double Jeopardy claim pursuant to Commonwealth of Puerto Rico v. Sánchez-Valle, 136 S.Ct. 1862 (2016).**

Cortés-Morales alleges that his federal conviction and sentence violate the Double Jeopardy Clause because he was previously prosecuted for the same offense in the Puerto Rico Superior Court. (Crim. Docket No. 1-1).

At the federal level, petitioner pled guilty to, and was convicted of, violating 18 U.S.C. sections 922(g)(1) and 924(e) –

being a convicted felon in possession of a firearm/armed career criminal (Crim. Docket No. 31). As stated in the Indictment, the prior state conviction, No. AVI97GOO46, was for a felony aggravated assault, with a term of imprisonment of two (2) years. (Crim. Docket No. 1.)

Whether petitioner's federal conviction constituted double jeopardy was previously reviewed and rejected by the First Circuit Court of Appeals. In his original 2255 petition for relief, Cortés-Morales raised the issue of double jeopardy. The district court denied the claim, but issued a certificate of appealability on the matter which the First Circuit Court of Appeals accepted (Civil Case No. 07-1107(JAF)).

The First Circuit Court of Appeals has previously stated that "Since the federal weapon offense to which appellant pled guilty contains elements not present in any of the Commonwealth offenses of which he was convicted, double jeopardy does not apply to his case." (Case No. 07-1107, Civil Docket No. 21.)

Sánchez-Valle presents a completely different set of facts than those in Cortés-Morales' federal conviction. In Sanchez-Valle, the Supreme Court of the United States held that:

> "the Commonwealth and the United States are not separate sovereigns. That means the two governments cannot 'twice put' respondents Sanchez Valle and Gomez Vazquez 'in jeopardy' for the 'same offense.' U.S. Const., Amend.5.

136 S. Ct. 1862 at 2264 (2016).

The facts in Sánchez-Valle differ from the facts of petitioner's federal conviction. The First Circuit Court of Appeals has clearly held:

> Since the federal weapon offense to which appellant pled guilty contains elements not present in any of the Commonwealth offenses of which he was convicted, double jeopardy does not apply to his case. United States v. Marino, 277 F.3d 11, 39 (1st Cir. 2005). Therefore, the district court judgment denying the request for habeas relief is affirmed." Cortés-Morales v. United States, (1st Cir. Judgment No. 08-1741, Dec. 23, 2009).

(Case No. 07-1107, Civil Docket No. 21.)

Not only does the Supreme Court holding in Sánchez-Valle not apply to this case, Cortés-Morales is precluded from relitigating that which has already been decided. The First Circuit of Appeals has decided the issue on the merits, and petitioner is barred from further raising the issue in a Section 2255 petition, United States v. Escobar-de Jesús, 187 F.3d 148, 159-162 (1st Cir.1999), (cert. denied, 528 U.S. 1176 (2000). Accordingly, petitioner's request for 2255 relief based on a double jeopardy allegation is **DENIED**.

   **B. The Johnson Claim**

Cortés-Morales alleges that his federal sentence as an armed career criminal, predicated on two prior Puerto Rico controlled substance convictions and a Puerto Rico aggravated assault conviction, do not make him a career criminal, based on

Civil No. 17-2237(FAB)                                                    10

Johnson v. United States, 135 S. Ct. 2551 (2015).

In Johnson the Supreme Court held that the "residual clause" of the Armed Criminal Career Act (ACCA) was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process." Id. at 2555-63.  The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses or "violent felonies."  18 U.S.C. § 924(e).  The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. Sec. 924(C)(2)(B)(ii) (emphasis added). The underlined portion is known as the "residual clause."  The Supreme Court determined that ACCA's "residual clause" was unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id.  On April 18, 2016, however, the United States Supreme Court determined that Johnson II announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

Civil No. 17-2237(FAB)                                                 11

    Cortés-Morales was convicted and sentenced for being a convicted felon in possession of a firearm/Armed Career Criminal in violation of Title 18, United States Code, Sections 922 (g)(1) and 924 (e).  At the change of plea hearing, the Court specifically informed petitioner that the crime for which he had been previously convicted was a December 1997 conviction for aggravated assault, for which Cortés-Morales was sent to prison for a term of two (2) years, (C.O.P. Hrg. Crim. Docket No. 48 at p. 7).

    Article 95 of the Puerto Rico 1974 Penal Code typifies the aggravated assault offense under various modalities, Laws of P.R. Ann. tit. 33, sec. 4032.  The matter has already been addressed and resolved by the First Circuit Court of Appeals in United States v. Bauzó-Santiago, 867 F.3d 13 (1st Cir. 2017).  The Bauzó-Santiago court stated that:

>  felony aggravated assault under Article 95 'any person who used force or violence upon the person of another with the intent to injure him' has committed the misdemeanor version of this crime. P.R. Laws Ann. tit. 33, sec. 4031 (2001). The felony version –Bauzó's crime of conviction[6]– can be committed in one of seven different ways, and so the parties agree that the statute is divisible. Id. Sec.4032(2). Bauzó argued [as does Cortés-Morales] that not all versions of the crime include an element of physical force capable of causing pain or injury, so the sentencing court clearly erred in counting his conviction as an ACCA predicate. We disagree, the felony enhancements include the infliction of 'serious bodily injury on the person assaulted or the use of deadly weapons under circumstances not amounting to an intent to kill or maim.' Id. Sec. 4032(2)(b)(c). Thus, the text of sections 4031 and 4032 'strongly suggest that the statute's physical-force element involves the kind of violent force' required by ACCA's force clause-force 'capable of causing physical pain or injury to another person.' Serrano-Mercado, 784 F.3d at 845 (quoting Johnson I, 559 U.S. at 140); see United States v. Nieves-Borrero, 856 F.3d 5, 8-9 (1st Cir 2017)." United States v. Bauzó, 867 F.3d at p. 27.

Because it is undisputed that Cortés-Morales was sentenced to a term of imprisonment of two (2) years for his conviction for aggravated assault or aggravated battery (depending on the translation) there is no doubt that the Article 95 modalities applicable to him are all felonies, all of which, as previously stated, can be construed to require force capable of causing physical pain or injury to another person. Consequently, petitioner's ACCA's enhancement does not violate the Supreme Court holding in Johnson.

---

[6] It is also Cortés-Moralés' crime of conviction.

Finally, Cortés-Morales argues that his prior conviction falls beyond of the purview of ACCA's force clause, so the sentencing court must have counted all his prior convictions under the residual clause. Since the residual clause is invalid, Cortés-Morales alleges that he is entitled to re-sentencing. As established previously, it is not clear error for the sentencing court to count Cortés-Morales' predicated offenses under the force clause, and petitioner's argument fails from the start. Furthermore, petitioner has failed to meet his burden of showing what error occurred, United States v. Reed, 830 F. 3d 1 (1st Cir. 2016). Cortés-Morales' Johnson claim is **DENIED.**

### III. CONCLUSION

For the reasons stated, Petitioner Jorge Cortés-Morales' Motion pursuant to 28 U.S.C. section 2255 (Civil Docket No. 1.) and all subsequent related filings are **DENIED**. (Civil Docket Nos. 1, 13, 19 & 21.) This case is **DISMISSED with prejudice**. Judgment shall be entered accordingly.

If Petitioner files a notice of appeal, no certificate of appealability shall issue because he has not made a substantial

Civil No. 17-2237(FAB)                                                    14

showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 26, 2021.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE